UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Saline River Properties, LLC,
a Michigan limited liability company,

    Plaintiff,

v.                                                            Case No. 10-10507

Johnson Controls, Inc., a Wisconsin          Honorable Sean F. Cox
corporation,

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION TO DISMISS AS TO COUNT I
AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER PLAINTIFF'S STATE-LAW CLAIMS**

Defendant previously owned or operated a facility on a parcel of land in Saline, Michigan. In 1993, Defendant consented to an Administrative Order on Consent ("AOC") by the Environmental Protection Agency, which: 1) requires Defendant to take various environmental remedial actions by specified dates; and 2) provides stipulated penalties for failure to do so. Plaintiff, the entity that currently owns the 22 acre parcel at issue, alleges that Defendant has failed to complete the work as agreed in the AOC and that the EPA has failed to enforce the AOC. Plaintiff filed this citizen suit against Defendant under the federal Resource Conservation and Recovery Act, asking this Court to enforce the AOC. Plaintiff also asks this Court to exercise supplemental jurisdiction over several state-law claims against Defendant. The matter is currently before the Court on Defendant's Motion to Dismiss. The parties have briefed the issues and the Court heard oral argument on June 17, 2010. For the reasons set forth below,

1

the Court shall deny Defendant's Motion to Dismiss as to Count I. The Court shall decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and shall dismiss those claims without prejudice.

BACKGROUND

A.  Factual Background:

On September 19, 2003, the United States Environmental Protection Agency ("EPA") issued an "Administrative Order on Consent" ("AOC") that pertains to a 22 acre parcel in Saline, Michigan. The AOC is attached as Exhibit A to Defendant's motion.

Johnson Controls, Inc. ("JCI") consented to the issuance of the AOC without a hearing (AOC at ¶ 4), and agreed not to contest the EPA's jurisdiction to issue the order, enforce its terms, or impose sanctions for violations of the order. (AOC at ¶ 3).

The AOC contains various determinations, including that: 1) JCI was the owner or operator of a facility that had operated under interim status subject to Section 3005(e) of the RCRA; 2) certain wastes and constituents found at the facility are hazardous wastes or constituents under the Act; 3) there is or has been a release of hazardous wastes or hazardous constituents into the environment from the facility during the time JCI owned or operated the facility; and 4) actions contained in the AOC are required to protect human health or the environment. (AOC at ¶ 8).

The AOC specifies various aspects of work to be performed at the facility by JCI and sets forth specific dates for the work to be performed. (AOC at ¶¶ 10-20). The AOC provides that "Project Managers can agree in writing to extend, for 90 days or less, any deadline in this Section. However, extensions of greater than 90 days require approval from the Director, Waste,

Pesticides and Toxics Division." (AOC at ¶ 21). The AOC further provides that "This Order may be modified only by mutual agreement of U.S. EPA and Johnson Controls, except as provided in Section VI - Work to be Performed. Any agreed modifications will be in writing, will be signed by both parties, will be effective on the date of signature by U.S. EPA, and will be incorporated into this Order." (AOC at ¶ 45).

The AOC contains a section regarding stipulated penalties for violations of the order. (AOC at Section IX). It provides that JCI must pay any stipulated penalties owed to the Government "under this Section within 30 days of receiving U.S. EPA's written demand to pay the penalties, unless [JCI] invokes the dispute resolution procedure under Section X: Dispute Resolution. A written demand for stipulated penalties will describe the violation and will indicate the amount of penalties due." (AOC at ¶ 30).

Section X governs dispute resolution and provides that the "parties will use their best efforts to informally and in good faith resolve all disputes or differences of opinion." (AOC at ¶ 36). The section then outlines a procedure for dispute resolution.

The AOC further provides that "Nothing in this Order restricts U.S. EPA's authority to seek Johnson Controls' compliance with the Order and applicable laws and regulations. For violations of this Order, U.S. EPA reserves its rights to bring an action to enforce the Order, to assess penalties under Section 3008(h)(2) of RCRA, 42 U.S.C. § 6928(h)(2), and to issue an administrative order to perform corrective actions or other response measures." (AOC at ¶ 46). "This Order is not a covenant not to sue, release, waiver, or limitation or any rights, remedies, powers, or authorities of U.S. EPA." (*Id.*).

The AOC also contains a section governing Termination and Satisfaction. That section

provides, among other things, that JCI "may request that U.S. EPA issue a determination that [JCI] has met the requirements of the Order for all or a portion of the facility." (AOC at ¶ 53).

B.  Procedural Background:

Plaintiff Saline River Properties, LLC ("Plaintiff" or "Saline") filed this action against Defendant JCI on February 4, 2010, based upon federal question jurisdiction. Plaintiff's complaint alleges the following five counts: "Citizen Suit to Enforce EPA Order" (Count I); "Breach of Contract" (Count II); "Negligence and Negligence Per Se" (Count III); "Nuisance" (Count IV); and "Tortious Interference" (Count V).

In Count I, Plaintiff asks this Court, pursuant to 42 U.S.C. § 6972(a)(1)(A), to enforce the AOC that was issued by the EPA on September 19, 2003. Plaintiff alleges that JCI has failed and refused to comply with the AOC. Plaintiff alleges that the AOC required JCI "to undertake steps by certain deadlines described further below, failing which stipulated daily penalties would accrue and would have to be paid by [JCI]. No extensions of any deadlines beyond 90 days are allowed under the [AOC] except with the concurrent written approval from the Director, Waste, Pesticides and Toxics Division. The Director never approved of the years-long delays in this case." (Compl. at ¶ 8). Plaintiffs seeks the following relief under Count I:

WHEREFORE, Plaintiff requests that this Honorable Court:

    (a)    find [JCI] to be in violation of the [AOC];

    (b)    require [JCI] to complete the removal of hazardous waste and hazardous waste constituents necessary to allow unrestricted residential use of the property within sixty (60) days;

    (c)    require [JCI] to pay the accumulated stipulated penalties for such violations to the United States Treasury; and

    (d)    require [JCI] to reimburse Plaintiff its costs and attorney fees

      incurred in pursuing this citizen suit, as expressly provided for in
      RCRA.

(Pl.'s Compl. at 12).

  The matter is currently before the Court on Defendant's Motion to Dismiss, brought under FED. R. CIV. P. 12(b)(6) for failure to state a cause of action.

## ANALYSIS

  Defendant's Motion to Dismiss challenges all five claims asserted in Plaintiff's complaint. Count I, Plaintiff's claim under the Resource Conservation and Recovery Act, is the only federal claim asserted in this action. The remaining four claims are state-law claims over which this Court may exercise supplemental jurisdiction.

A. <u>"Citizen Suit To Enforce EPA Order" (Count I)</u>:

  "In 1976, Congress passed the Resource Conservation and Recovery Act ("RCRA"), which amended the Solid Waste Disposal Act of 1965, 42 U.S.C. §§ 6901-6992k. Congress enacted the RCRA to end the environmental and public health risks associated with mismanagement of hazardous waste." *United States v. Commonwealth of Kentucky*, 252 F.3d 816, 821-22 (6th Cir. 2001).

  Under 42 U.S.C. § 6972 of the RCRA, citizens are authorized to bring suit in substantially the same capacity as provided for in the Clean Water Act, 33 U.S.C. § 1251 *et seq*. *Ailor v. City of Maynardville, Tennessee*, 368 F.3d 587, 601 (6th Cir. 2004). "Likewise, the relief available under § 6972 of the RCRA is virtually identical to that available under the CWA, i.e., injunctive relief, civil penalties, and attorney fees. *See* 42 U.S.C. § 6928(a). The RCRA, like the CWA, does not provide for compensatory damages." *Ailor,* 368 F.3d at 601.

  Section 6972(a)(1)(A) of the RCRA provides that "any person may commence a civil

action on his own behalf" against any person "who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or *order* which has become effective pursuant to this chapter." 42 U.S.C. § 6972(a)(1)(A). (emphasis added).

The Act provides that the "district court shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce the . . . order, referred to in paragraph (1)(A)" and "to apply any appropriate civil penalties under section 6928(a) and (g) of this title." 42 U.S.C. § 6972(a). Thus, a "successful outcome in a citizen suit can result in a court order for equitable relief and perhaps a civil penalty." 1 *RCRA and Superfund: A Practice Guide*, 3d § 5:37 (2009).

Here, in Count I, Plaintiff has brought a citizen suit, pursuant to § 6972(a)(1)(A) of the RCRA, asking this Court to enforce the AOC. That is, Plaintiff asks this Court to: 1) find JCI in violation of the AOC and require JCI to complete remediation at the site by a set date; and 2) require JCI to pay stipulated penalties to the United States Treasury. (*See* Compl. at 12).

It is undisputed that the EPA has not filed suit against Plaintiff to enforce the AOC. Under the RCRA, the EPA may intervene in this action as a matter of right (*see* 42 U.S.C. § 6972(d)) but, to date, it has not done so.

In its motion, JCI challenges Count I on the following grounds: 1) Count I should be dismissed because Plaintiff fails to allege that conditions precedent to claims under the AOC have been met; 2) Plaintiff lacks standing to assert claims for wholly past violations of the RCRA; 3) the EPA has found no violation of the AOC and this Court should defer to the EPA's administrative decision making; and 4) Plaintiff's claims are contradicted by its own exhibits/pleadings. Each challenge to Count I is addressed below.

1. <u>Should This Court Dismiss Count I And Simply Defer To The EPA?</u>

In asking this Court to dismiss Count I, JCI asserts that the "EPA has found no violation of the AOC and this Court should defer to [the] EPA's Administrative Decision Making." (Def.'s Br. at 5). In support of that argument, JCI cites to a March 3, 2010 letter to JCI from the EPA. While that letter appears to support JCI's position that JCI is cooperatively working with the EPA, JCI has not identified any actual statement from the EPA wherein it actually states that it has found no violation of the order.[1]

In response, Plaintiff states that JCI's assertion that the EPA has publicly stated that JCI has not violated the order is simply not true.

Plaintiff further contends that such a statement would not be dispositive even if it had been made by the EPA. Plaintiff asserts that this Court cannot simply defer to the EPA and prevent this citizen suit from going forward:

> The citizen suit provision [Plaintiff] invokes under 42 U.S.C. § 6972(a)(1)(A) expressly provides a procedure for determining whether the citizen suit should go forward, and under that statutory procedure, this case must proceed. Section 6972(b)(1) would only bar this lawsuit under two circumstances: (A) if [Plaintiff] failed to provide 60 days advance notice of the violations to JCI, [the] EPA and the State; or (B) [the] EPA or the State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States or a State to require compliance with the Order. In fact, [Plaintiff] did provide the 60 day notice, which JCI does not dispute, and no lawsuit was filed by EPA or the State to enforce the asserted violations of the Order.

(Pl.'s Resp. Br. at 8).

JCI has not presented this Court with any authority that supports its position that this

---

[1] The AOC provides that JCI "may request that U.S. EPA issue a determination that [JCI] has met the requirements of the Order for all or a portion of the facility." (AOC at ¶ 53). No such determination by the EPA has been submitted to the Court.

7

Court can simply defer to the EPA and dismiss this action at the pleading stage. The Court shall deny this ground for relief.

> 2. Should This Court Dismiss Count I Because Plaintiff Has Not Alleged That Conditions Precedent To Claims Under The AOC Have Been Met?

In its motion, JCI does not dispute that a private party can seek an order requiring a Defendant to pay stipulated penalties to the United States Treasury. *See e.g., Davis v. Sun Oil Co.*, 148 F.3d 606, 611 (6th Cir. 1998) (civil penalties payable to the United States may be awarded in a citizen suit under §6972 of the RCRA). JCI contends, however, that Count I should be dismissed because Plaintiff fails to allege that conditions precedent to claims under the AOC have been met. (JCI's Br. at 3).

JCI contends that the AOC requires notice to it before penalties can be imposed and also provides JCI and the EPA with dispute resolution rights before a civil action can be commenced. JCI asserts that "[u]nder the terms of the AOC, neither EPA nor JCI can bring a civil action without first complying with the dispute resolution process, including using best efforts to informally resolve disputes." (*Id.*) (citing AOC at ¶ 36). JCI asserts that "Plaintiff's rights as a 'private attorney general' are not superior to the EPA's under the AOC. Rather, Plaintiff in its citizen suit role is bound to the terms and limitations of the AOC just like [the] EPA. A third party lawsuit, like Plaintiff's cannot strip JCI of its notice and dispute resolution rights for any dispute arising under the AOC." (JCI's Br. at 4). JCI relies entirely on the language of the AOC and has not cited any cases dealing with an analogous situation.

In response, Plaintiff asserts that there are no conditions precedent to its claims to enforce the order. Plaintiff states:

> Initially, while the Order provides for an informal dispute resolution process, it

does not explicitly state that fulfillment that process is a condition precedent to a lawsuit to enforce the Order. See, Sections 26 through 41 of the Order. In fact, the dispute resolution procedure cited by JCI merely provides that JCI may challenge a decision made by [the] EPA under the Order, which JCI has not invoked because [the] EPA has itself overlooked the deadlines in the Order and has not enforced compliance.

(Pl.'s Resp. Br. at 8-9). Plaintiff contends that JCI's position simply overlooks other provisions in the AOC that make it clear that nothing in the AOC restricts the EPA's right to seek enforcement of the order. (*Id.*).

The provision Plaintiff relies on is found in paragraph 46 of the AOC and provides, in pertinent part, that:

> Nothing in this Order restricts U.S. EPA's authority to seek Johnson Controls' compliance with the Order and applicable laws and regulations. For violations of this Order, U.S. EPA reserves its rights to bring an action to enforce the Order, to assess penalties under Section 3008(h)(2) of RCA, 42 U.S.C. § 6928(h)(2), and to issue an administrative order to perform corrective actions or other response measures.

(AOC at ¶ 46).

The Court agrees that, given the express language in the above provision, Plaintiff is not precluded from bringing a citizen action to enforce the order or assess penalties.[2] The Court shall deny this ground for dismissal.

3. Should This Court Dismiss Count I For Lack Of Standing To Assert Claims For Wholly Past Violations?

---

[2] Plaintiff also asserts that to dismiss this citizen-suit based on the provision providing for informal dispute resolution with the EPA would subvert the statute because the EPA and private parties could essentially eliminate citizen-suits by inserting such provisions. This point is also well taken.

Next, JCI asserts that, because some of the alleged violations of the AOC occurred wholly in the past and are not continuing, Plaintiff lacks standing to assert such claims and therefore Count I should be dismissed.

In *Gwaltney*, the Supreme Court held that Section 505(a) does not confer federal jurisdiction over citizen suits for "wholly past violations." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found.*, Inc., 484 U.S. 49 (1987). The Court further ruled, however, that Section 505 does confer jurisdiction "over citizen suits when the citizen-plaintiffs make a good-faith *allegation* of continuous or intermittent violation." *Id.* at 64 (emphasis added).

Plaintiff contends that because its complaint contains good-faith allegations of continuous violations, it may proceed in this action under *Gwaltney*.

In its Reply, JCI asserts that Count I must be dismissed because there is no current violation of the AOC. JCI again cites to the EPA's letter to support its position that the alleged continuing violations are "actively negated by the public record." (JCI's Reply Br. at 2). In *Gwaltney*, however, the Court rejected the argument that a citizen plaintiff must *prove* a violation in order to proceed with a claim under the RCRA. "The statute does not require that a defendant 'be in violation' of the Act at the commencement of the suit, rather, the statute requires that a defendant be '*alleged* to be in violation.'" *Gwaltney*, 484 U.S. at 65 (emphasis in original).

Here, the Court concludes that Plaintiff's complaint includes a good-faith allegation of a continuing violation. Thus, the Court shall deny this ground for dismissal.

    4.    <u>Should This Court Dismiss Count I Because Plaintiff's Claims Are Contradicted By Its Own Exhibits/Pleading?</u>

Finally, JCI's motion asserts that Count I should be dismissed because Plaintiff's claims are contradicted by its own exhibits/pleadings. (JCI's Br. at 7). This challenge is based primarily[3] on an allegation in a single paragraph of Plaintiff's complaint, wherein it asserts that the AOC and a state regulation required JCI to record a notice of the AOC. JCI contends that it was not required to record the AOC. Even if that is true, however, and that paragraph were deleted, that would not require dismissal of Count I.

Accordingly, the Court shall Defendant's motion as to Count I of Plaintiff's complaint.

B.  Should This Court Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State-Law Claims?

Plaintiff's complaint asserts the following state-law claims: "Breach of Contract" (Count II); "Negligence and Negligence Per Se" (Count III); "Nuisance" (Count IV); and "Tortious Interference" (Count V). Plaintiff asks this Court to exercise supplemental jurisdiction over these state-law claims.[4]

Defendant challenges each of Plaintiff's four state-law claims, on various grounds, in its Motion to Dismiss. Before addressing Defendant's challenges to the state-law claims, however, this Court shall consider whether it should exercise supplemental jurisdiction over these claims.

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

---

[3] To the extent that JCI claims that other alleged violations are contradicted by the public record (i.e., the EPA's letter), that challenge is more appropriately addressed at the summary judgment stage – not in a motion to dismiss.

[4] In responding to Defendant's Motion to Dismiss, Plaintiff states that it intends to voluntarily dismiss Counts III and V, but it has not yet done so.

11

> 1) the claim raises a novel or complex issue of State law;
> 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

When "it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966).

Here, the Court concludes that Plaintiff's state-law contract and tort claims predominate over the RCRA claim because they are of a entirely different ilk than Plaintiff's RCRA claim for injunctive and equitable relief. The state-law claims substantially broaden the scope of potential liability to include theories of negligence, nuisance, and breach of contract. The state-law claims raise different theories of liability, would require different proofs than the RCRA claim, involve different defenses, and involve substantially different remedies.

Plaintiff's state-law contract and tort claims seek to recover compensatory damages. The RCRA, on the other hand, does not provide for compensatory damages. *Ailor,* 368 F.3d at 601. Only injunctive and other equitable relief is available under the RCRA. *Walls v. Waste Resource Corp.*, 761 F.2d 311, 315 (6th Cir. 1985). Thus, Plaintiff has no right to a jury trial on its RCRA claim. *See, e.g., Eastman v. Brunswick Coal & Lumber Company*, 1996 WL 911299 (D. ME. 1996) (As courts have uniformly held, there is no right to a jury trial on CERCLA and RCRA claims for injunctive relief) (collecting cases); *Dublin Scarboro Improvement Assoc. v. Harford*

*County*, 678 F.Supp. 129, 132 (D. Md. 1988); *Commerce Holding Co., Inc. v. Buckstone*, 749 F.Supp. 441, 447 (E.D. N.Y. 1990); *Metal Processing Co. v. Amoco Oil Co.*, 173 F.R.D. 244, 246 (E.D. Wisc. 1997). Plaintiff does, however, have a right to a jury trial on its state-law contract and tort claims. Moreover, Plaintiff has demanded a "trial by jury of all issues so triable." (Docket Entry No. 1 at 17).

This means that Plaintiff's RCRA claim would be tried to the bench, while Plaintiff's state-law claims would be tried to a jury. Other federal trial courts facing this same combination of federal and state claims (i.e., a RCRA or CERCLA claim for equitable relief and state-law claims for negligence, nuisance, breach of contract, etc. seeking money damages) have declined to exercise supplemental jurisdiction over the state-law claims. *See, e.g., Commerce Holding Co.*, 749 F.Supp. at 446-47; *Dublin Scarboro Improvement Assoc.*, 678 F.Supp. at 131-34; *Craig Lyle Ltd. P'ship v. Land O'Lakes, Inc.*, 877 F.Supp. 476, 484-85 (D. Minn. 1995); *Town of Jaffrey v. Town of Fitzwilliam*, 846 F.Supp. 3, 5-7 (D. N.H. 1994). The Court believes it is appropriate to do so here and shall decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss is DENIED as to Count I of Plaintiff's Complaint.

IT IS FURTHER ORDERED that this Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION over Counts II, III, IV and V of Plaintiff's Complaint and

those counts are DISMISSED WITHOUT PREJUDICE.

    IT IS SO ORDERED.

                              S/Sean F. Cox
                              Sean F. Cox
                              United States District Judge

Dated: June 25, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 25, 2010, by electronic and/or ordinary mail.

                              S/Jennifer Hernandez
                              Case Manager