UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Saline River Properties, LLC,
a Michigan limited liability company,

    Plaintiff,

v.                                                 Case No. 10-10507

Johnson Controls, Inc., a Wisconsin         Honorable Sean F. Cox
corporation,

    Defendant.

_____/

## OPINION & ORDER
## GRANTING IN PART AND DENYING IN PART
## JCI'S MOTION TO DISQUALIFY MR. MCCLURE AS TRIAL COUNSEL

This matter is currently before the Court on JCI's Motion to Disqualify Attorney Douglas McClure as trial counsel (Docket Entry No. 76). As explained below, the Court concludes that while Mr. McClure's testimony is relevant to the claims and defenses that will be presented at trial, to disqualify him at this late stage of the litigation would work a substantial hardship on Saline. The Court shall GRANT THE MOTION IN PART AND DENY THE MOTION IN PART. The Court shall deny JCI's request to entirely disqualify Mr. McClure as trial counsel. The Court shall allow Mr. McClure to serve as co-counsel, providing Mr. Evans delivers the opening and closing statements at trial.

BACKGROUND

There are two related cases that are now before this Court and they both involve the same parties and the same property – a 22 acre parcel in Saline, Michigan ("the Property"). Johnson

Controls, Inc. ("JCI") previously owned or operated a facility on the Property. In 1993, JCI consented to an Administrative Order on Consent ("AOC") by the Environmental Protection Agency ("E.P.A."), which: 1) requires JCI to take various environmental remedial actions by specified dates; and 2) provides stipulated penalties for failing to do so. Saline River Properties, LLC ("Saline") is the current owner of the Property.

Saline purchased the Property in 2006. McClure, an attorney specializing in environmental law, was retained by Saline in mid to late 2006.

This litigation commenced in 2010, and there are two different actions involving these same parties. The two actions were consolidated for "discovery and pretrial proceedings." (D.E. No. 39).

Mr. McClure, along with attorney Mark D. Evans, has been representing Saline in Case No. 10-10507 since February 2, 2010, the date that action was filed. He has also been counsel of record in Case No. 10-13406 since the inception of that case.

The Scheduling Order provides that: 1) witness lists were to be filed by April 24, 2011, and that no motions could be filed after June 24, 2011. (D.E. No. 43).

JCI deposed Mr. McClure on February 23, 2011. (*See* D.E. No. 76-1, Ex. D). JCI named Mr. McClure as a witness on April 21, 2011. (D.E. No. 54 at ¶ 1). JCI filed this motion seeking to disqualify Mr. McClure on June 22, 2011 – two days before the deadline for filing motions. (D.E. No. 76).

## ANALYSIS

JCI asks this Court to disqualify attorney Douglas McClure as trial counsel for Saline, pursuant to Rule 3.7(a) of the Michigan Rules of Professional Conduct. Rule 3.7 provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>>
>> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing to by Rule 1.7 or Rule 1.9.

MI RULES MRPC 3.7. The comments to the above rule include some discussion of the rationale behind the rule:

> Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client.
>
> The opposing party may properly object where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of proof.

Comments to MI RULES MRPC 3.7. The comments further state that "paragraph (a)(3) recognizes that a balancing is required between the interests of the client and those of the opposing party. Whether the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is a risk of such prejudice, in determining whether the lawyer should be disqualified due regard must be given to the effect of disqualification on the lawyer's client." *Id*.

JCI asserts that Mr. McClure is a necessary witness because, through his involvement with the Property as Saline's counsel since 2006, he authored several e-mails relating to Saline's due care obligations and the destruction of the slab.  JCI also asserts that McClure's testimony is needed to support JCI's position that it was not required, under the AOC, to address every aspect of contamination at the Property and thus the relief Saline seeks exceeds JCI's obligations under the AOC.

JCI further asserts that none of the exceptions set forth in Rule 3.7 apply to McClure.  JCI contends that the testimony sought from McClure is not on an uncontested issue and that it cannot have any other witness authenticate e-mails from Mr. McClure or testify as to what Mr. McClure meant by making certain statements.  JCI further asserts that disqualifying Mr. McClure will not work a substantial hardship on Saline because it has another attorney who has been working on the case since its inception, Mr. Evans, and that Mr. Evans has done the bulk of the work in this case thus far.

Saline contends that JCI is trying to disqualify Mr. McClure for strategic reasons.  Saline asserts that Mr. McClure is not a necessary witness because his testimony is not relevant to the issues in the citizen suit.  It also contends Mr. McClure is not needed to authenticate any e-mails because Saline "has never challenged the authenticity of the subject emails." (Saline's Resp. Br. at 2).  Saline contends that to the extent the e-mails are relevant, they "speak for themselves" and no testimony is necessary from Mr. McClure.  Saline also asserts that disqualifying Mr. McClure would work a substantial hardship on Saline because he is the lawyer with the environmental knowledge and experience in this case.

Saline further asserts that because this case is a bench trial, the rationale behind the rule

does not apply here with the same force it would in a jury trial.  Saline also suggests that a compromise or middle ground could be ordered here:

> The Court is certainly capable, in this bench trial, of distinguishing between Mr. McClure's testimony and any argument he may make as advocate.  Nevertheless, at most, Mr. McClure should be permitted to service as co-counsel during trial and examine witnesses, leaving opening statement and closing arguments to Mr. Evans.  In this manner, Mr. McClure would be alleviated from arguing as to his own credibility as a witness.

(Saline's Resp. Br. at 12).

The Court concludes that Mr. McClure's e-mails and testimony regarding same is relevant to JCI's counterclaims and may be relevant to JCI's defenses in the citizen suit. Nevertheless, disqualifying Mr. McClure – especially at this stage of the litigation – would work a substantial hardship on Saline.  Saline essentially has two lawyers on this case: 1) McClure, an environmental lawyer; and 2) Evans, a litigator.  To disqualify Mr. McClure would leave Saline with only a litigator to try environmental claims.  Moreover, these environmental claims involve complex statutes and defenses.

JCI's assertion that another lawyer in Mr. McClure's firm could simply step in and help try the case is unpersuasive because JCI has not identified any other attorney in McClure's firm who specializes in environmental law.

In addition, JCI waited until two days before the motion deadline before seeking to disqualify Mr. McClure, although it had deposed him back in February and therefore knew then that they may wish to call him as a witness.

Moreover, given that the remaining claims will be tried to the bench – as opposed to a jury – the Court agrees with Saline that disqualifying Mr. McClure would not serve the purpose

5

of the rule. "Michigan courts have observed that the purpose of the rule is to prevent any problems that would arise from a lawyer's having to argue the credibility and the effect of his or her own testimony" and to prevent prejudice to the opposing party that might arise therefrom. *People v. Tesen*, 276 Mich.App. 134, 143 (2007). Unlike a jury, this Court is capable of distinguishing between Mr. McClure's trial testimony and any statements he would make as an advocate. Moreover, by allowing Mr. McClure to serve as co-counsel, and having Mr. Evans deliver the opening and closing statements to the Court, the purpose behind the rule will be satisfied.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that JCI's Motion to Disqualify Mr. McClure as trial counsel is GRANTED IN PART AND DENIED IN PART. The Court denies JCI's request to entirely disqualify Mr. McClure as trial counsel. The Court shall allow Mr. McClure to serve as co-counsel, providing Mr. Evans delivers the opening and closing statements at trial.

IT IS SO ORDERED.

                                                  S/Sean F. Cox  
                                                  Sean F. Cox  
                                                  United States District Judge

Dated: October 17, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 17, 2011, by electronic and/or ordinary mail.

                                                  S/Jennifer Hernandez  
                                                  Case Manager